UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSEPH FIELDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:06CV01782 ERW |
| JOHN V. LABARGE, JR., et al., | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Joseph Fields for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which

relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action against former United States Bankruptcy Judge James J. Barta and John V. Labarge, Jr., United States Bankruptcy Trustee. Plaintiff alleges that his home was foreclosed in bankruptcy proceedings because of falsehoods for which defendants were responsible. Plaintiff seeks to recover the fair market value of his home, with interest, and he also seeks to recover $400.00 he paid to defendant Labarge as bankruptcy trustee.

**Discussion**

Plaintiff has brought identical allegations against these same defendants on two prior occasions. See Fields v. Option One Mortgage Corp., 4:04CV998-ERW (E.D. Mo. 20004) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) based on judicial

immunity and res judicata); 4:02CV836-ERW (E.D. Mo. 2002) (dismissal based on judicial immunity and res judicata) aff'd, Slip Op. 03-1075 (8th Cir. 2003). As a result, the principles of res judicata and collateral estoppel render the instant action legally frivolous. E.g., Roboserve Inc. v. Kato Kaguku Co., 121 F.3d 1027, 1034 (7th Cir. 1997) (res judicata requires the joinder of "all legal and remedial theories that concern a single transaction"); Oldham v. Pritchett, 599 F.2d 274, 278 (8th Cir. 1979) (collateral estoppel).

In addition, this Court has previously found that Bankruptcy Judge Barta and John Labarge are entitled to absolute judicial immunity as to all allegations raised by plaintiff. Fields, 4:02CV836-ERW, Order dated November 22, 2002. As a result, this action shall be dismissed prior to service on defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 3rd Day of January, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**